# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM NICKS, | ) | No. 12 C 1360 |
| | ) | |
|     Debtor. | ) | Judge Ronald A. Guzmán |
| _____ | ) | |
| WILLIAM NICKS, | ) | |
| | ) | |
|     Appellant. | ) | (Bankr. No. 11-31930) |
| | ) | (Adv. No. 11-1671) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Appellee. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION AND ORDER

William Nicks, a Chapter 13 Debtor, appeals from the bankruptcy court's January 26, 2012 order dismissing his adversary complaint. For the reasons set forth below, the Court reverses the order and remands the case to the bankruptcy court for further proceedings.

## Background

In October 2009 and March 2010, the government filed notices of lien on plaintiff's possessions in the total amount of $34,175.45 for income tax due for 2002 through 2008. (Adversary Compl. ¶¶ 22-64, 76.)

In August 2011, after filing a voluntary petition for Chapter 13 bankruptcy, Debtor filed an adversary proceeding against the government to determine the nature and extent of its liens. In Count I of the complaint, Debtor alleged that the amount of the government's secured claim should be

reduced to $9,525.00, the value of the property securing it, and the remaining unsecured portion of its claim should be voided pursuant to 11 U.S.C. § 506, which provides:

> (a)(1) An allowed claim of a creditor secured by a lien on property . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.
>
> . . . .
>
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless--
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(a)(1), (d).

> On January 26, 2012, the Bankruptcy Court dismissed the adversary complaint, saying:
>
> A response to the adversary proceeding has been filed. The court raised the question of whether such an adversary proceeding could avoid a lien under 11 U.S.C. 506(d) based on a lack of collateral value.
>
> . . . .
>
> "For purposes of lien avoidance under Section 506(d) the court may consider only if the claim is allowed and then whether it's secured." That's the holding in Dewsnup.
>
> The analysis in Dewsnup does not change depending on the amount of equity in the collateral to which the lien attaches, and the Dewsnup reasoning is equally relevant in a case where a debtor attempts to strip off rather than merely strip down a lien.
>
> In the present case, the IRS filed a proof of claim to which no party has objected, therefore, it's allowed pursuant to 11 U.S.C. Section 502(a). The IRS is also secured because it obtained a lien pursuant to 26 U.S.C. Section 6321. Because the IRS's claim is an allowed secured claim, under the Dewsnup court's interpretation of Section 506(d) it cannot be avoided, stripped off or stripped down. And, of course, all of the provisions of Chapter 5 of the Bankruptcy Code including[] Section 506(d), apply equally to Chapter 13 and to Chapter 7. So the Dewsnup interpretation of 506(d), which as I said is this two-step analysis: Is the claim allowed; is the claim secured[,] [n]ot whether it's an allowed secured claim under 506(a)[,] is binding on this court in the context of Chapter 13.

(Hr'g Tr. at 2-4, Jan. 26, 2012) (citations omitted). The Court reviews this decision *de novo*. *See In re Consol. Indus.*, 360 F.3d 712, 716 (7th Cir. 2004).

## Discussion

### Jurisdiction

The government argues that the bankruptcy court should have dismissed the adversary complaint for lack of subject matter jurisdiction on the grounds of sovereign immunity. Given the Bankruptcy Code's express abrogation of sovereign immunity for claims involving § 506, however, this argument has no merit. *See* 11 U.S.C. §§ 106(a) (stating that "sovereign immunity is abrogated" and "[t]he court may hear and determine any issue arising with respect to the application of . . . section[] [506] to governmental units"), 101(27) (defining "governmental unit" to include the federal government).

Alternatively, the government argues that the bankruptcy court should have dismissed the adversary complaint as unripe because §§ 506 and 1325, read together, establish that lien stripping cannot occur in Chapter 13 until a plan is confirmed. The Court disagrees. Section 506(a) sets forth the valuation process for allowed secured claims. *See Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 328 (1993). It states that an allowed claim that exceeds the value of the collateral securing it becomes an allowed secured claim for the collateral amount and an allowed unsecured claim for the remaining amount. Pursuant to § 506(d), the lien for the allowed unsecured claim is void. Section 1325 does not address claim valuation or authorize lien avoidance. Rather, it sets forth provisions that must be included in a confirmable Chapter 13 plan. *See Assocs. Commercial Corp. v. Rash*, 520 U.S. 953, 956 (1997). One such provision is that "the holder of [each allowed secured] claim retain the lien

3

securing such claim until the earlier of . . . the payment of the underlying debt . . . or . . . discharge under section 1328." 11 U.S.C. § 1325(a)(5)(B)(i). Thus, taken together, the two sections mean that a Chapter 13 plan can be confirmed only if it permits the holders of allowed secured claims, as determined by § 506(a), to retain liens that survive the claim valuation process, not that the holders of under-secured claims must retain liens in excess of collateral value until a plan is confirmed. Thus, Debtor's adversary complaint was ripe for adjudication.

**Merits**

Debtor argues that the bankruptcy court erred when it ruled that the government's claim was allowed. (*See* Hr'g Tr. at 3, Jan. 26, 2012 ("[T]he IRS filed a proof of claim to which no party has objected, therefore, it's allowed pursuant to 11 U.S.C. Section 502(a).")). The Court agrees. Federal Rule of Bankruptcy Procedure ("Rule") 3007 states that "[a] party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." Fed. R. Bankr. P. 3007(b). Among the relief "specified in Rule 7001" is that which Debtor sought in the adversary complaint – a "determin[ation] [of] the validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr. P. 7001(2). Because the grounds for Debtor's objection to the government's proof of claim and his claim for relief in the adversary proceeding are the same, Debtor was not required to file a separate objection.

Debtor also contends that the dismissal was erroneous because *Dewsnup* does not apply to Chapter 13 cases. In *Dewsnup*, a Chapter 7 debtor invoked § 506(a) to strip a $119,000.00 secured claim down to the value of the land securing it and § 506(d) to strip off the remaining unsecured portion of the claim. *Id.* at 412-13. In the debtor's view, this result was compelled by the language

4

of the section: "Because, under § 506(a), a claim is secured only to the extent of the judicially determined value of the real property on which the lien is fixed, a debtor can void a lien on the property pursuant to § 506(d) to the extent the claim is no longer secured and thus is not 'an allowed secured claim.'" *Id.* at 414. The creditors argued that the language "allowed secured claim" had a different meaning in § 506(d) than it did in § 506(a). *Id.* at 415. In their view, § 506(d) had to be read "term-by-term[,] to refer to any claim that is, first, allowed, and, second, secured." *Id.* Because their claim was allowed under § 502 and was secured by a lien on the debtor's land, they argued that it was not "within the scope of § 506(d), which voids only liens corresponding to claims that have *not* been allowed and secured." *Id.* (emphasis original).

The Supreme Court agreed with the creditors because: (1) the parties' pre-bankruptcy agreement contemplated that the lien would stay with the property until foreclosure, giving the creditors the benefit of any intervening appreciation in value; and (2) liens could not be involuntarily reduced in pre-Bankruptcy Code practice and there was no indication in the Code's legislative history that Congress intended to change that practice. *Id.* at 417-20. Thus, the Court held that "§ 506(d) does not allow [the debtor] to 'strip down' [the creditors'] lien, because [the creditors'] claim is secured by a lien and has been fully allowed pursuant to § 502." *Id.* at 417.

Though § 506 applies equally to Chapter 13 cases, *see* 11 U.S.C. § 103(a), the *Dewsnup* Court said that its reasoning was limited to the Chapter 7 case before it: "Hypothetical applications that come to mind and those advanced at oral argument illustrate the difficulty of interpreting [§ 506] in a single opinion that would apply to all possible fact situations. We therefore focus upon the case before us and allow other facts to await their legal resolution on another day." 502 U.S. at 416-17.

5

As a result, a number of courts have said that *Dewsnup* does not bar lien stripping in Chapter 13 cases, for some or all of the reasons articulated by the Court in *In re Hernandez*:

> In the pre-Code counterpart to Chapter 13, debtors could not affect the rights of secured claim holders. . . .  This pre-Code practice was changed by the Bankruptcy Reform Act of 1978, which . . . . allows [Chapter 13] debtors to create a plan, binding on all creditors regardless of consent, that delivers the property of the estate to the debtor free and clear of creditor's claims and interests. . . .  This section provides the type of evidence of Congress's intent to change the pre-Code practice that the Supreme Court found wanting in *Dewsnup*.
>
> . . . .
>
> The purpose of Chapter 13 also militates against extending *Dewsnup*.  One of the purposes of Chapter 13 is to encourage consumer debtors to gradually use their earnings to repay their obligations without resorting to a Chapter 7 liquidation, possibly to the benefit of their creditors. . . .  The goal of providing debtors with a fresh start is also furthered by allowing debtors to own property free and clear of creditor's liens after designing and completing a plan of reorganization. Allowing the modification of creditor's liens furthers both of these purposes. . . .
>
> . . . .
>
> Given the language of sections 1322 [stating that a Chapter 13 plan can modify the rights of holders of claims secured by property other than a principal residence] and 1327 [stating that a confirmed plan vests all property in the debtor "free and clear" of any creditor's interest], the purpose of Chapter 13 of the Bankruptcy Code, and the persuasive analysis of many other courts that have considered this issue, the Court holds that *Dewsnup* is not applicable to the Chapter 13 proceeding at issue in this case.

175 B.R. 962, 965-67 (N.D. Ill. 1994); *see In re Enewally*, 368 F.3d 1165, 1172 (9th Cir. 2004) (stating that "lien stripping on debts secured by real property that is not the debtor's primary residence is [still] permissible in Chapter 13"); *In re Bartee*, 212 F.3d 277, 291 n.21 (5th Cir. 2000) (rejecting the trustee's argument that *Dewsnup* banned lien stripping in Chapter 13 cases by saying: "To the contrary, the Supreme Court's holding was expressly restricted to Chapter 7 liquidation cases, and is inapplicable to the reorganization bankruptcy chapters."); *Bank One, Chi. v. Flowers*,

183 B.R. 509, 514 & n.3 (N.D. Ill. 1995) (citing cases and stating that "[t]he overwhelming majority of courts have held" that "lien stripping is permissible in the Chapter 13 context when the collateral is not the debtor's principal residence"). For the reasons articulated in these cases, the Court holds that *Dewsnup* does not bar Debtor from invoking § 506(a) and (d) to reduce the government's secured claim.

## Conclusion

For the reasons set forth above, the Court reverses the bankruptcy court's January 26, 2012 order dismissing Debtor's adversary complaint and remands the case for further proceedings.

**SO ORDERED.**                           **ENTERED: July 31, 2012**

_Ronald A. Guzman_
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**